UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GEORGE GANNON, | JURY TRIAL DEMANDED |
| Plaintiff(s), | AMENDED COMPLAINT |
| -against- | CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983 |
| THE CITY OF NEW YORK and SERGEANT GUADALUPE SARRACINO (Shield No. 4033) | 1:12-cv-03893 HB ECF CASE |
| Defendant(s). | |

---

George Gannon ("Plaintiff"), by his attorney Michael F. Rubin, Esq. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

### THE PARTIES

1.      At all times hereinafter mentioned, plaintiff (hereinafter "GANNON"), was and still is a resident of the County of New York, in the City and State of New York.

2.      At all times relevant and material herein, the defendant CITY OF NEW YORK (hereinafter "CITY") was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York, and operated, maintained, managed, supervised and controlled a police department (hereinafter "NYPD") as part of and in conjunction with its municipal functions.

3.      At all times relevant and material herein, the defendant Sergeant Guadalupe Sarracino (hereinafter "SARRACINO") was an employee of the New York City Police Department.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. §1983.

5. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. §1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

7. At all times relevant and material herein, the defendant CITY OF NEW YORK operated, maintained, managed, supervised and controlled the NYPD as part of, and in conjunction with its municipal functions.

8. At all times relevant and material herein, the defendant SARRACINO was an employee of the NYPD.

9. That at all times hereinafter mentioned and upon information and belief, the defendant CITY, employed and supervised SARRACINO.

10. Upon information and belief, SARRACINO was a graduate of the Police Academy of the NYPD.

11. At all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant SARRACINO to conform her conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting herself in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as plaintiff herein.

12. In addition, at all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant SARRACINO in the protection of the rights of plaintiff under the Constitution of the United States of America and of the State of New York.

13. At all times hereinafter mentioned, upon information and belief, the defendant SARRACINO was acting in her capacity as an employee, agent and/or servant of the defendant CITY.

14. At all times hereinafter mentioned, the defendant SARRACINO was acting under the color of State law.

15. At all times hereinafter mentioned, the defendants' acts constituted State action.

16. On November 11, 2009 at about 11:00 a.m. in New York County, in the City and State of New York, SARRACINO was assigned to investigate a criminal complaint involving a gun, along with several other officers of the NYPD

17. As part of that investigation she responded with several other officers to 790 11th Avenue in the county, city and state of New York.

18. The investigation led SARRACINO and the other officers to the home of the plaintiff, an apartment within the above-mentioned location, who was not a suspect in the original gun investigation.

19. While in the plaintiff's home and without a search warrant or consent, SARRACINO directed a full blown search of the home over the objections of the plaintiff.

20. As a result of the search, weapons were recovered that were not attributed to the original gun investigation.

21. SARRACINO placed plaintiff under arrest and charged him with several counts of Criminal Possession of a Weapon in the Second Degree, in violation of NYS PL §265.02 and with related charges under New York County Supreme Court Indictment Number 6220/2009.

22. Plaintiff was placed in handcuffs and was thereafter detained against his will and incarcerated until his release on bail, a period of approximately one week.

23. By reason of the foregoing acts by the defendants, plaintiff was injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

24. By reason of the foregoing acts by the defendants, plaintiff was caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

25. During the pendency of the Supreme Court indictment, an evidentiary suppression hearing was held on the issue of the validity of the search. The motion court issued an order directing that all contraband seized was done so in violation of the plaintiff's constitutional rights.

26. The case remained active, and GANNON remained the subject of a New York State indictment until the charges were dismissed against him at the request of the district attorney on January 3, 2012.

27. As a direct and proximate result of the foregoing acts of the defendants, the plaintiff suffered the following injuries and damages:

    i. Violation of his constitutional rights under the Fourth and Fourteenth amendments to the United States Constitution; and New York State Constitution, to be free from unreasonable searches and seizures;

    ii. Loss of physical liberty;

    iii. Physical pain, suffering, and emotional trauma and suffering;

    iv. Expenses related to the legal defense of the criminal claims and bail related expenses.

28. The actions of the defendants violated the following clearly established federal constitutional rights:

    i. Freedom from the unreasonable search of his home and seizure of his person.

29. That the defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained plaintiff, without any right or grounds therefore.

30. That the defendants wrongfully and falsely accused the plaintiff, of the crime of Criminal Possession of a Weapon related charges.

31. That the said arrest and imprisonment was caused by the defendants, their agents, servants and/or employees, without any properly obtained warrant or other legal process and without authority of the law and without proper reasonable cause or belief that the plaintiff was guilty of any crimes.

32. While the plaintiff was present at the above location, the defendants, their agents, servants and/or employees, wrongfully and unlawfully, against the plaintiff's wish, without legally sufficient probable or reasonable cause, detained him, illegally searched his home and then arrested and imprisoned the plaintiff.

33. That the plaintiff did not contribute in any way to the conduct of the defendants,

their agents, servants and/or employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment entirely against his will.

34. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made illegally, falsely, publicly, and maliciously, the plaintiff was compelled to be imprisoned.

35. That the defendants, their agents, servants and/or employees, as set forth above on or about the above date, time and place, intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

36. That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, was then and there prevented and hindered from performing and transacting his necessary affairs and business, and was caused to suffer.

## ALLEGATIONS PERTAINING TO PLAINTIFF'S
## CLAIMS UNDER STATE LAW

37. Before the commencement of this action, and within 90 days of January 3, 2012 a Notice of Claim containing the information required by law was duly served upon the defendant CITY OF NEW YORK.

38. That on March 5, 2012, a hearing pursuant to New York State's General Municipal Law §50-h, was held.

39. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

40. This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

## *FEDERAL LAW CLAIMS*

### FIRST CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C 1983)
### FOR ASSAULT AND BATTERY
### UNDER COLOR OF STATE LAW)

41. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

42. SARRACINO's conduct that constituted assault and battery of plaintiff was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

43. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### SECOND CLAIM FOR RELIEF (UNLAWFUL SEARCH)
### (PURSUANT TO 42 U.S.C 1983)

44. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

45. The defendants are liable to the plaintiff for the injuries set forth above under 42 U.S.C. §1983 for an unconstitutional violation of the plaintiff's right to be free from an unreasonable search pursuant to the Fourth Amendment of the United States Constitution.

46. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

## THIRD CLAIM FOR RELIEF (UNLAWFUL SEIZURE) (PURSUANT TO 42 U.S.C 1983)

47. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

48. The defendants are liable to the plaintiff for the injuries set forth above under 42 U.S.C. §1983 for an unconstitutional violation of the plaintiff's right to be free from an unreasonable seizure pursuant to the Fourth Amendment of the United States Constitution.

49. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### *STATE LAW CLAIMS*

## FOURTH CLAIM FOR RELIEF (COMMON LAW MALICIOUS PROSECUTION)

50. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

51. That on or about the 11th day of November 2009, while the plaintiff was lawfully and properly in the County of New York, City and State of New York, and at subsequent times thereafter, including but not limited to the mid-town north Precinct, in New York County, New York, the defendants, their agents, servants and/or employees maliciously prosecuted and detained plaintiff, GANNON, without any just right or grounds therefore.

52. That the plaintiff was forced by the defendant to submit to court proceedings (Indictment No. 6220/09).

53. That on or about November 11, 2009, before the Honorable presiding Judge of the Criminal Court of the City of New York, New York County in Part APAR1/3 the defendants, their agents, servants and employees maliciously and without probable cause or provocation charged the plaintiff with a violation under the Penal Law, to wit: violation of §265.02 of the Penal Law of the State of New York and related charges.

54. That upon examination, the said charges were maliciously made. That a Judge of the Criminal Court of the City of New York, dismissed all charges under the indictment number 6220/09 wherein violations of New York Penal Law Section 265.02 were alleged, on January 3, 2012.

55. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and/or employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendant against the plaintiff was without probable cause, was with actual malice and was terminated in favor of the plaintiff.

56. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community, incurred legal fees and related expenses, and the said plaintiff has

been otherwise damaged.

57.  As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

On each CLAIM FOR RELIEF, judgment in the amount $1,500,000.00, and plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event plaintiff is a prevailing party, attorneys fees; and interest, costs, and such other relief as to this Court shall seem just and proper.

Dated: September 13, 2012

Yours, etc.,

*[signature]*

Michael F. Rubin, Esq. (0697)
Kelly & Rubin, LLP.
275 Seventh Avenue, Suite 1505
New York, NY 10001
Tel: (212) 691-9393