UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GEORGE GANNON,                          :
                                        :
            Plaintiff,                 :
                                        :       12 CV 3893 (HB)
  - against -                          :
                                        :       <u>OPINION & ORDER</u>
THE CITY OF NEW YORK,                   :
GUADALUPE SARRACINO,                    :
                                        :
            Defendants.                :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

        The City of New York and Guadalupe Sarracino ("Sarracino") (collectively "Defendants") move to dismiss several claims in the Complaint charging violations of 42 U.S.C. § 1983 and New York state law for injuries arising out of a police search of Plaintiff George Gannon ("Plaintiff")'s apartment. For the reasons set forth below, Defendants' motion to dismiss is GRANTED with respect to unlawful seizure but DENIED with respect to malicious prosecution.

## Background

        On November 11, 2009, Sarracino arrived at Plaintiff's apartment building with a team of police officers under her supervision following a tip from a security guard to investigate whether Jason Coonan ("Jason") possessed a handgun. The security guard in the lobby directed the officers to Plaintiff's apartment on the seventh floor, where Jason was headed. The police found Jason with Plaintiff's stepson Michael Buccino ("Michael") on the seventh floor. The police patted down the two men but found no gun. Not satisfied, Sarracino knocked on Plaintiff's apartment door and directed a full blown search without a search warrant or consent, notwithstanding Plaintiff's objection. Am. Compl. ¶ 19. As a result of the search, the police found weapons not attributed to the original gun investigation. *Id.* ¶ 20. Sarracino then arrested Plaintiff and charged him with several counts related to criminal possession of a weapon. *Id.* ¶ 21. Plaintiff was subsequently indicted by a grand jury and incarcerated until he was released on bail approximately a week later. *Id.* ¶¶ 21-22. Plaintiff's motion to suppress all evidence was subsequently granted, and the case was dismissed on January 3, 2012. *Id.* ¶¶ 25, 26.

Following Defendants' motion to dimiss, Plaintiff amended the Complaint, withdrawing several claims and terminating the action against the New York City Police Department. *See* Pl.'s Opp. 6; Am. Compl.  In addition to opposing Defendants' motion, Plaintiff originally submitted a cross-motion for summary judgment with respect to Defendants' liability for unlawful search and malicious prosecution.  At the oral argument, however, Plaintiff's Counsel notified the Court that Plaintiff was withdrawing the cross-motion, as well as the assault and battery claim in the Amended Complaint.  Two claims remain for the Court to resolve: (1) unlawful seizure under § 1983; and (2) malicious prosecution under state law.

## Discussion

### A.  Legal Standard

To survive Defendants' motion under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The requirement that the court accept all factual allegations as true does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*  The court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific task" that requires application of "judicial experience and common sense." *Id.* at 679.  To decide the motion to dismiss, a court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint," *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted), as well as "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### B.  Unlawful Seizure Claim under § 1983

The Complaint alleges that Sarracino found weapons in Plaintiff's apartment during an unlawful search, and Plaintiff seeks damages pursuant to § 1983 for being "detained against his will and incarcerated until his release on bail, a period of approximately one week" all based on the weapons found during the search. Am. Compl. ¶ 22.  Defendants argue that the weapons

discovered in Plaintiff's apartment constituted probable cause for his arrest, and Plaintiff's claim based on the arrest and a week of imprisonment should be dismissed because Plaintiff may not seek civil damages under § 1983 based on the fruit of the poisonous tree doctrine.

I agree with Defendants that Plaintiff's claim with respect to the arrest and incarceration for unlawful seizure must be dismissed. The Second Circuit has clearly rejected an attempt to recover damages under § 1983 based on the fruits of the poisonous tree doctrine. In *Townes v. City of New York*, the plaintiff sought damages pursuant to § 1983 for "his arrest, conviction, and incarceration" based on handguns and cocaine discovered during what was found to be an unconstitutional stop and search. 176 F.3d 138, 141 (2d Cir. 1999). The Circuit concluded, "[t]he individual defendants here lacked probable cause to stop and search [the plaintiff], but they certainly had probable cause to arrest him upon discovery of the handguns in the passenger compartment of the taxicab in which he was riding . . . . because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant." *Id*. at 149. Remarking that the Fourth Amendment value had already been served by the suppression of evidence in the criminal case, the Second Circuit opined that the unreasonable search and seizure was not the proximate cause of the plaintiff's conviction and incarceration and "the injury he pleads (a violation of his Fourth Amendment right to be free from unreasonable searches and seizures) does not fit the damages he seeks (compensation for his conviction and incarceration)." *Id*. at 147.

On the other hand, I note that under *Townes*, damages related to the initial search and seizure would be "possible." *Id.* at 149; *see also Hayes v. Perotta*, 751 F. Supp. 2d 597, 604 (S.D.N.Y. 2010) (dismissing the Fourth Amendment claim "to the extent [*Townes*] bars Plaintiff from seeking damages from his conviction and incarceration, which allegedly followed the unlawful search" but concluding "that Plaintiff may still pursue his Fourth Amendment claim and seek damages from the search itself"). Here, however, the Amended Complaint did not plead facts with respect to the two-hour detention before the illegal search, and it was raised only in Plaintiff's Opposition Memorandum in the context of his "assault and battery" claim, which has since been withdrawn. I inquired about this two-hour detention during the oral argument and permitted Plaintiff to file a Second Amended Complaint, which adds this allegation. SAC ¶ 19. In an abundance of caution, I do not dismiss the unlawful seizure claim with respect to the two-hour detention at this stage.

## C.  Malicious Prosecution Claim[1]

"To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)  (internal quotation marks and citations omitted).  "Under New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments." *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010).  The existence of probable cause is a complete defense to the claim, and an indictment by a grand jury creates a presumption of probable cause, which may "only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino v. City of New York*, 331 F.3d 63, 69 (2d Cir. 2003) (quoting *Colon v. City of New York*, 455 N.E.2d 1248, 1251 (N.Y. 1983)).  On the other hand, "[a] lack of probable cause generally creates an inference of malice." *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 131 (2d Cir.1997)).

While there is certainly a presumption of probable cause based on the grand jury indictment, I am not convinced by Defendants' argument that Plaintiff's malicious prosecution claim should be dismissed at this stage of litigation.  In the language of the Second Circuit, "[t]he defendants seem to conflate probable cause to arrest with probable cause to believe that [the plaintiff] could be successfully prosecuted. Only the latter kind of probable cause is at issue with respect to the malicious prosecution claim . . . ." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999).  Here, Plaintiff clearly alleges that Sarracino filed charges against Plaintiff after the arrest pursuant to an unlawful search and that a criminal proceeding was terminated in Plaintiff's favor.  Defendants, on the other hand, does not explain why these allegations do not consitute "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

The Second Circuit clearly distinguished the probable cause necessary to defeat a false arrest claim from that required to defeat a malicious prosecution claim in *Boyd v. City of New*

---

[1] Because Plaintiff has withdrawn its cross-motion for summary judgment with respect to malicious prosecution, I do not address Defendants' letter to the Court on November 15, 2012, requesting the Court to strike Plaintiff's Exhibit D in support of his cross-motion. I have not, at this stage, considered Exhibit D.

*York*, a case decided four years after *Townes*. There the Second Circuit found that a summary judgment motion that resulted in a dismissal of the false arrest claim under §1983 came out the right way because "[t]he police had sufficient information to warrant a reasonable belief that [the plaintiff] knowingly possessed stolen property," but it concluded that the malicious prosecution claim had been improperly dismissed because if the incriminating statement about the stolen property had been made after the plaintiff's arrest but before *Miranda* warnings, the requisite probable cause would go up in smoke and malice would emerge. 336 F.3d at 76. Just as there was "the possibility that the police knew where they arrested [the plaintiff], but lied in order to secure an indictment," *id*. at 77, Plaintiff here has alleged sufficient facts to raise the prospect that Sarracino lied about the circumstances of the search to secure the indictment. *See*, *e.g.*, *Brandon v. City of New York*, 705 F. Supp. 2d 261, 274 (S.D.N.Y. 2010) (denying summary judgment with respect to malicious prosecution claim because a jury could reasonably find that the indictment was secured through bad faith or perjury).

I also decline Defendants' invitation to extend *Townes* to preclude damages based on the malicious prosecution claim, although I know that some district courts have adopted such an approach. *See*, *e.g.*, *Cyrus v. City of New York*, No. 06 Civ. 4685, 2010 WL 148078, at *4 (E.D.N.Y. Jan. 14, 2010) (finding, pursuant to *Townes*, that the gun discovered following an unlawful arrest constituted probable cause defeating malicious prosecution claim). *But see Mazyck v. Johnson*, No. 08 Civ. 548 , 2009 WL 2707360, at *5 (E.D.N.Y. Aug. 25, 2009) (relying on *Boyd* and rejecting the defendants' argument based on *Townes* because "the question is not whether there exists probable cause to prosecute, but rather whether there is probable cause to *believe that a prosecution will succeed*") (emphasis in original). Put another way, *Townes* cannot preclude Plaintiff's malicious prosecution claim. Unlike the complaint in *Townes*, the Amended Complaint specifically asks for damages for Sarracino's malicious prosecution, Am. Comp. ¶¶ 50–57, and alleges sufficient facts, including her search without warrant or consent and over Plaintiff's objections, the arrest and charges by Sarracino based on the weapons found as a result of that search, and the dismissal of the case following the decision on the suppression motion, *id*. ¶¶ 19, 21, 25, 26.

## Conclusion

I have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, Defendants' motion to dismiss is GRANTED with respect to the

unlawful seizure claim based on his incarceration prior to bail but DENIED with respect to malicious prosecution. The unlawful search claim remains, as Defendants have not moved with respect to that claim. At this stage, I also do not dismiss the unlawful seizure claim with respect to the two-hour detention. The Clerk of the Court is directed to close the motion and remove it from my docket.

SO ORDERED
January __, 2013
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

6